Bruton v. United States Whenever you're ready. May it please the court, counsel. My name is Michelle Yard. The district court erred in dismissing Mr. Bruton's 2255 motion. A panel of this court recently held in Tribune v. United States that in a 2255 proceeding addressing a Johnson claim, the government may rely on a movement's prior convictions other than those identified as supporting the ACCA enhancement in the petitioner's PSR at sentencing. This holding may appear to foreclose Mr. Bruton's claim in this case. The difference is that Mr. Bruton and the government agreed in a negotiated written plea agreement accepted by the district court that Mr. Bruton only admitted three of his prior felony convictions qualified as predicates under the Armed Career Criminal Act. The PSR then identified those three Armed Career Criminal Act predicates to include fleeing and attempting to elude, which is an offense that could only qualify as a violent felony under the residual clause. The sentencing court then adopted the PSR without any relevant objections, becoming the court's findings of fact, making the three identified ACCA predicates to include fleeing and attempting to elude. Did the government waive reliance on any of the other convictions? By agreeing that Mr. Bruton only had to agree that he had three ACCA predicates, the government then never contended that there were any other ACCA predicates. The PSR only identified three, which included the fleeing and attempting to elude. The government never asked for any other predicates to be included in the PSR. They never contended that any other predicates qualified at sentencing. And that was what they negotiated with Mr. Bruton. So I would contend that there was at least an implicit agreement with Mr. Bruton that only three predicates qualified. Didn't the indictment show that there were four specific prior conventions? Didn't he admit to that? Didn't he admit during the plea agreement that he had been convicted of all those offenses, the four offenses? In other words, there was no issue at the sentencing hearing about these particular convictions, one of which subsequently became the basis for the trial court's ruling that prejudice hadn't been shown. Isn't that true? Yes, but there's a difference between admitting that you have a prior conviction and admitting that something is an act of qualifying predicate offense. And a defendant is also entitled to notice on what the government is relying on to enhance a sentence. Wouldn't a defendant have an opportunity to, on habeas review, challenge any remaining convictions that had been included, say, in the indictment or elsewhere, if, for whatever reason, those also no longer qualified as act of predicates under Johnson? The problem is that by the time you get to that point, the burden has shifted. So at sentencing, for instance, when Mr. Bruton was considering whether he was going to enter into a plea agreement with the government and the government agreed to include in the plea agreement that he could agree that there were only three act of qualifying predicates, the government had the burden at that time to prove that ACA applied to Mr. Bruton and to change the stat max from 10 to life. Here on collateral review, Mr. Bruton is at now a significant disadvantage because he now bears the burden of proof. But there's no question that there is another qualifying felony. Do you agree with that? Do you agree with that? I agree. Okay. And, in fact, in the Tribune case, the district court did not state which conviction supported the AAC enhancement. Isn't that correct? True. In Tribune, there was no agreement with the government. There was no plea agreement identifying a certain number of act of qualifying predicates. In Mr. Bruton's case, the government never disputed that Mr. Bruton had more than three act of qualifying predicates. So it's my contention that Mr. Bruton's case is distinguishable from Tribune. Well, the problem is that you have to show prejudice, don't you, in order to get the district court reversed on this. It's unclear what the prejudice is. Because you've admitted that there's clearly another ACCA qualifying sentence. So it's not clear what the prejudice is. Well, there is. But we shouldn't get there because Mr. Bruton should be entitled to rely on the fact that he entered into an agreement that there were three—he had three qualifying offenses. And we know that the three that were relied on, because they're listed in the PSR. So the plea agreement lists four. And Mr. Bruton agreed that he had three qualifying offenses. We know, though, that the three that the court relied on, because they're listed in the PSR, those became the court's findings of fact when the court adopted the PSR without objection. So those can only be the three. And what's the basis of that law? I don't know what the basis of that position is, especially in light of this Tribune case. If there was, in contemplation of Mr. Bruton's plea agreement, in order for him to get the benefit of his bargain— I mean, the government got the benefit of the bargain. Mr. Bruton pled. And they agreed that he only had to agree that he had three ACCA qualifying offenses. And in the PSR, they're listed three ACCA qualifying offenses. Mr. Bruton didn't object to those three ACCA qualifying offenses. He didn't object to anything in the PSR. Isn't that correct? Nothing relevant to this. I wonder what would be different if he had, instead of admitting that he had committed three ACCA qualifying offenses, if the document had said, I admit only that I have committed three qualifying offenses or I have committed only three qualifying offenses. It seems to be stated as a minimum admission rather than a complete admission. But again, the government here had the duty of proving the ACCA qualifying offenses, and the government drafted the plea agreement. The government could have put that all four qualify. It would have been simple. It would have been very easy for the government to put that all four of them qualify. How do you—obviously, tribute, I think, you've fairly recognized as your most difficult case. But how do you even square your argument with Beeman? Of course, under Step 1 of Beeman, you have to determine factually whether this person was sentenced under a residual-clause offense. So suppose that's met. But then Step 2 is ensure that there weren't three total qualifying offenses in existence. How do you square your argument with the Beeman analysis that we've carried out many times now? I don't think that we should reach that point because I think that the government has waived getting there because they agree that he only had three. And I think that they shouldn't be allowed to rely on anything other than those three that are in the PSR. An implicit waiver limits the government's future abilities. Correct. Isn't the ACC a sentencing mandatory? It is— And if you have the proper types of felonies that apply, it's mandatory? It is mandatory if the government proves it. And what they— I'm not clear about where it has to be proven when your client twice admitted to those convictions. He admitted that he had three, and they never proved more than that. It is only mandatory if the government proves that he has the qualifying convictions. I'm out of time. May it please the Court. Roberta Bodner for the United States. This case is controlled by tribune. But this case has an even stronger basis for affirmance than tribune because the defendant admitted in his plea colloquy, proof beyond a reasonable doubt, that he had three convictions which continue to qualify. Talking about that plea colloquy and talking about the plea agreement, I'd like to point the Court to the plea agreement which we provided to the Court in our supplemental appendix. At page 21 of the plea agreement, it says, Bruton admits he's been convicted of the following felonies, which include three felonies that Bruton admits qualify him as an armed career criminal, and it lists four, three of which continue to qualify. Nothing in that statement says that he's been convicted of only three qualifying felonies. Nothing in that statement says that of these four, only three qualify. It happened that at the time he entered his plea agreement, we had the judgments and the case numbers for these cases and could prove that he qualified under the ACCA, and those were included in the plea agreement. In addition, at page 14 of the plea agreement, there is a paragraph labeled, Three Sentencing Information, in which the United States reserves the right to present any and all information to the Court relevant to the sentence. That includes the totality of the defendant's criminal activities and his criminal history. Nothing in that plea agreement created an obligation on the United States to object when the PSR said that at paragraph 23, the defendant has at least three qualifying convictions under the ACCA, and the probation office relied on these three, and the probation office just relied on the three qualifying convictions in order of the time at which the defendant had been convicted of them, that at the time qualified. The United States was not obligated to object and say, wait a minute, he's got others. Accepting a defendant's stipulation to a particular qualifying offense does not mean that we are waiving the right for other qualifying offenses. Rule 32 of the Rules of Criminal Procedure does not require the court to rule on an objection that is not before it, that has never been made, and it does not require the United States to present evidence for multiple alternative grounds to affirm a sentencing enhancement when the defendant has stipulated. What's your response to the burden-shifting argument made by opposing counsel? Because, of course, if one of the three remaining convictions was one that there is some question as to whether it qualified under the residual clause or otherwise, what's your response to the argument that it's inappropriate to shift the burden to the habeas petitioner? Well, the burden is on the habeas petitioner in every circumstance on 2255 review. It's not on original sentencing. Not on the original sentencing. So that's the burden shift that I'm referring to. Well, the defendant continues to have notice and an opportunity to be heard with respect to the court's examination of particular convictions in his PSR to which he has admitted, and use of them to support an ACCA sentence. He's admitted because he did not contest the PSR which included those convictions in its description of criminal history. He's admitted, yes, I have these convictions, but if they were uncounseled, he could come back and say they were uncounseled. And in the evidentiary proceeding that embodies a Section 2255 motion, even without a hearing, we could come back with proof that the defendant was represented by counsel at the time that he was convicted of those offenses and that, therefore, it was qualifying. He also could challenge those convictions based on their use as ACCA predicates. He did not do that here. Well, at the time, the law was such that he didn't have any reason to object to those other convictions, right? He would have had no basis in the law. Well, he certainly, if he had not... As predicates, I mean. If he had not been convicted of them, he could have... But you're right. As predicates, because the probation office had relied on three others, because he'd admitted to four, he didn't have an incentive to say, well, by the way, that other sale of cocaine that you're not citing as supporting the ACCA sentence doesn't qualify as an ACCA predicate. He did not have that incentive. But he did have an incentive to say, that's not me. And he didn't do that. That's a different question, though. It is. What I'm saying is that he's admitted those convictions are his. In the Section 2255 proceeding, he was free to come back and say, I wasn't counseled. It shouldn't count as a predicate. Or it was part of the offensive conviction, which was at issue in tribute, by the way. There are still things that he could have done. He still had his due process rights. But the United States has a due process right, too. And to say that the United States somehow is limited to only the three convictions that the probation office cited in support of its recommendation to the court would mean that the United States is never given an opportunity to respond to the defendant's objection when he finally belatedly makes it, which is what this defendant did. I would like to move for a second to the court's question about the defendant needing to show prejudice. Judge Royal had that question. And then Judge Grant had another question about squaring this with Beeman itself. The questions of prejudice and the question of whether there is a Johnson violation to begin with, which is what Beeman discusses, depend in those cases, in tribute and in this case, on an examination of the same evidence. Because we're talking about whether there are other convictions in the PSR that would support the sentence. But the questions the court is answering are different. The Beeman analysis, the question of whether there is a Johnson violation, looks at whether the defendant's sentence turned on the validity of the residual clause. And one of the things that a court considers in deciding whether that is the case is if the defendant had other convictions that would have qualified. The question of prejudice focuses on whether the defendant has established actual and substantial prejudice that infects the entire proceeding with error of constitutional dimension. That's the definition from Frady. To answer that question, the court cannot look at the error in isolation. It must examine the error in the context of all of the prior events. It's very, very different. And that means that this court has to examine the entire record, not just paragraph 23. And while in this case, the district court based its ruling on an examination of the other convictions in the PSR, as did the district court in tribune, which chose not to address procedural default but answered first whether there was a Johnson violation. That won't be the case in every circumstance. When there has been a procedural default, as there was in this case, the question is whether, based on the entire record, all of the proceedings below, the defendant has shown a substantial prejudice. And there will be circumstances in which he won't be able to do that. The first thing that comes to mind is the concurrent sentence doctrine. But there are probably other circumstances. When a defendant objects in a district court timely to a sentencing enhancement, the United States has the opportunity before the sentencing proceeding to respond to the objection, and may respond to that objection with other evidence that's in the PSR, may respond to the objection with other evidence that came out in the discovery or that came out in trial of which the defendant was on notice that answers the objection. The substantial prejudice question has to consider all of that. If there had been a conviction that wasn't in the PSR, we would have been able to respond to that and say, you didn't include this one. He's now challenging the ACCA. He is an armed career criminal based on these convictions. What the defendant wants is for us never to be able to respond to his objection when he finally makes it. And that's why they're relying on Canty and Bryant. But the focus in the procedural default context is what would have happened? Would the result have been different if the defendant had timely objected? That question, that focus itself leaves no room for cases that derive from the United States waiver of certain predicate convictions in response to a timely objection. Canty and Bryant were cases in which the defendant objected. And in response to the objection, the United States waived affirmatively its reliance on an ability to produce Shepard documents for some convictions, which was what happened in Canty, or on a legal theory of qualifications, which is what happened in Bryant. It was the United States' response to an objection that constituted a waiver for certain. There is no waiver inherent in the plea agreement in this case. And the defendant cannot read one in by inserting the word only wherever he chooses. If the court has no other questions, I'll rely on my brief remainder and ask the court to affirm. Mr. Brewton had no reason to object. He had a plea agreement where he had agreed that he qualified for ACCA based upon three qualifying convictions that were then in his PSR. He agreed. It's common for defendants to object to some previous conviction for various reasons. There's not anything uncommon about that at all in the plea sentencing context. So he could have objected to any of these if there were something about them that weren't his convictions. That's typically one of the objections. But he didn't do that. He accepted this at two separate stages when he pled guilty and at the pre-sentence level and then again at the sentencing level. He could have objected. But he didn't object to any of that. Doesn't that distinguish this from the Canty case, for example? No, Your Honor. He had no basis to object because, again, he believed that he was an armed career criminal based upon those three convictions. How is a defendant to know what to object to when the government only lists certain convictions? The government could have easily listed his other convictions in the PSR or in the plea agreement. An ACCA enhancement is a significant enhancement. To ask the government to comply with due process and identify the predicates that it believes qualify to give it that enhancement is not asking a lot. So at the time he was sentenced, he could have objected to the existence of the convictions or the validity of the convictions, but he had no basis for objecting to them as predicates. Is that right? That's correct. That's your argument? Yes. If this court does not agree that Mr. Bruton's case is distinguished from tribute, this court should re-hear this issue on bond, and especially in light of the Fourth Circuit's decision in United States v. Podge, which tribute did not address. And Mr. Bruton's case is a great vehicle to do so. The prejudice in this case is that Mr. Bruton entered a plea agreement and went to sentencing believing that he was being enhanced based upon three predicates that are now, one of them is invalid and another one is being substituted. That is not what he believed when he entered into his bargain with the United States government. His sentence was enhanced based upon that from a max of 10 years to a minimum of 15 years, and ACCA enhancement should not be determined by geographical happenstance. And in this case, if Mr. Bruton was in South Carolina, he would be home right now. And because he's in Florida or Georgia, he will be serving five or six more years. Podge relied on this court's precedent, and this court should revisit this issue on bond. Thank you. Thank you, counsel. The court will be in recess for 15 minutes. All rise. Thank you.